JOHN C. RIGGIN and EMILY F. RIGGIN, complainants-appellants,

*v.*

CUMBERLAND NATIONAL BANK OF BRIDGETON, NEW JERSEY, a corporation of New Jersey, defendant-respondent.

[Argued October 26th, 1938.   Decided February 6th, 1939.]

*Mr. George S. Silzer (Mr. Leonard J. Emmerglick,* of counsel), for the complainants-appellants.

*Mr. Frank R. Bacon (Mr. LeRoy W. Loder,* of counsel), for the defendant-respondent.

The opinion of the court was delivered by

PORTER, J.

This appeal is from a decree of the court of chancery advised by Vice-Chancellor Sooy in dismissing the complainants' bill.

The bill seeks to have reformed an assignment made by John C. Riggin and Emily F. Riggin, the complainants-appellants, of a certain policy of insurance issued by The Mutual Life Insurance Company of New York on the life of said John C. Riggin with said Emily F. Riggin, his wife, named therein as beneficiary.

The policy is dated April 25th, 1929, and provides, among other things, that if the insured shall become totally and permanently disabled before reaching the age of sixty the insurance company will pay to him the sum of $50 per month during such disability and waive the payment of premiums due during that time.

The said Riggin being indebted to the defendant-respondent for money loaned made an assignment, in which his wife joined, of the policy as collateral security to his promissory note. The assignment is dated May 7th, 1931, and is complete in that it assigns "all our right, title and interest in the policy."

In April, 1932, Riggin became disabled within the meaning of the policy and the insurance company paid the disability payments, sending checks therefor to the assignee bank made payable to the order of "John C. Riggin—The Cumberland National Bank of Bridgeton." As long as the interest was paid on the indebtedness the bank delivered the checks to Riggin for his own use. When the interest was no longer paid the bank retained the checks and insisted that Riggin endorse them so that it could obtain the money and apply it on account of the indebtedness. Riggin refused to do so, contending that the intention of the parties to the assignment was that the life insurance provisions and not the disability provisions were all that were to be assigned.

The bill of complaint alleged that a mutual mistake having been made in the form of the assignment, prayer was made

for its reformation so as to give effect to the true intention of the parties.

At the close of the hearing the learned vice-chancellor orally delivered his conclusions. He reviewed the testimony and gave reasons for his findings to the effect that the facts did not justify the application of equitable principles and the relief sought thereunder. He found that the intentions of the parties were carried out by the complete assignment of the policy.

We conclude that the testimony fully supports the court's determination.

This disposes of all but two points argued by the appellants as grounds for reversal. First, that the disability benefits are not assignable because the subject-matter is not an interest in property but a claim contingent on harm to the person. By analogy are cited the cases holding that claims for damages arising from actions for personal injuries are not assignable until reduced to judgment.

We think that there is a difference in principle between a right of action for personal torts and the facts in the case at bar. The rule laid down by this court in *Weller and Lichtenstein* v. *Jersey City, Hoboken and Paterson Street Railway Co., 68 N. J. Eq. 659,* that nothing is assignable which does not involve a property right is not in point for the reason that this disability contract of insurance is a property right. It is therefore assignable.

The remaining point is that the instant assignment is against public policy and prohibited by the provisions of statute. *R. S. 17:18-12.*

We do not consider it against public policy. No such public policy was declared by the legislature in the statute referred to. The purpose of that statute was to exempt from "execution, attachment, garnishment, or other process" any money or beneficial interest payable on any insurance contract for disability from injury or sickness. That clearly does not apply to the facts in the instant case. Moreover, the statute under consideration expressly exempts from its provisions the assignability "of any such disability benefit otherwise assign-

able." Having concluded that the contract in question was assignable, it was not effected by the statute.

The decree will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14.

*For reversal*—None.